No. 1875
Second Circuit Appeal

L. S. MATTHEWS v. N. E. WILSON

(March 17, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations—Par. 74, 76.**
Where a contract between the parties was not for any stipulated length of time or any stipulated quantity of timber and either party had the right to terminate it at will, neither party can recover damages for breach of contract.

2. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on matters of fact not being manifestly erroneous is affirmed.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster. Hon. Robert Robers, Jr., Judge.

This is a suit on an open account. Defendant claims credits and damages in reconvention.

There was judgment for plaintiff with small credits for defendant and dismissing defendant's demands for damages.

Defendant appealed.

Judgment affirmed.

Lee & Lindsey, of Minden, attorneys for plaintiff, appellee.

L. K. Watkins, of Minden, attorney for defendant, appellant.

CARVER, J.    Plaintiff sues defendant for $446.80, as follows:

| | |
|---|---|
| Hauling six sets of derrick timbers at $30.00 | $180.00 |
| Loading two cars at $12.50 | 25.00 |
| Hauling 14/18ths of a set of derrick timbers at $30.00 | 23.34 |
| Forty-six derrick sills at $1.40 | 64.40 |
| 12,838 feet of standard rig timbers at $12.00 | 154.06 |
| Total | $446.80 |

Defendant admits owing the first two items above mentioned; admits the hauling charged in the third item, but disputes liability for the reasons hereafter mentioned, admits getting sills from plaintiff's land, but says there were only 42 at $1.00 instead of 46 at $1.40; and admits getting timber for derrick rigs but claims he got only 6,431 feet instead of 12,838 feet as charged by plaintiff.

He alleges, though, that plaintiff is indebted to him for various items of timber cut on plaintiff's land and included in the amount charged in item five above because he was not permitted by plaintiff to haul same after cutting it.

He also claims credit as follows:

| | |
|---|---|
| Loss of time of crew moving off plaintiff's land | $20.50 |
| Loss of time of team | 90.00 |
| Half of expenses of trip to Shreveport in an effort to collect money | 5.00 |
| Items forming defendant's batchelor outfit turned over to plaintiff | 11.75 |
| Check J. I. Gerrald | 11.95 |

He also reconvenes for a large amount of damages which, he claims, he suffered by reason of plaintiff's alleged breach of contract in stopping him from cutting on plaintiff's land and plaintiff's refusal to haul any more.

The District Judge gave judgment in favor of plaintiff for $397.60, which was $49.20 less than plaintiff claimed.

Defendant has appealed devolutively.

We think plaintiff entitled to the $23.34 for hauling 14/18ths of a set of timbers, defendant's only reason for denying liability being that plaintiff did not haul the other four pieces. We do not think this a good reason.

As to the last two items, the plaintiff's claim aggregates $218.46 and defendant admits owing on those items $119.17 a difference of $99.29.

We are not informed how the District Judge arrived at his conclusion but it was probably by allowing a credit of $11.75 for the batchelor's outfit and then approximately splitting the difference between the plaintiff's claim and that of the defendant.

We think the plaintiff entitled to $1.40 a set for the sills as claimed, the proof showing that the contract was that defendant should pay the market price and a man named Smith having operated in that vicinity and paid $1.40. Defendant's claim that this was a fictitiously boosted price, we think not proven by the evidence.

We do not think defendant entitled to credit for the Gerrald check. Matthews states that this was applied to another bill that Wilson owed him and this Wilson does not contradict. In allowing all plaintiff's claim except $49.20 we are not prepared to say the District Judge, who saw and heard the witnesses, erred to the prejudice of the defendant in determining the disputed questions as to the number of the sills and the number of feet of standard rig timber.

Defendant's claim for damages in our opinion is without merit, for several reasons.

The contract between the parties was not for any stipulated length of time or any stipulated quantity of timber. Under it either party had the right, we think, to terminate the contract at will. Besides, the defendant though requested several times to pay plaintiff what was due for timber and hauling failed to do so. The reason he gives, namely, that under his contract he was only to pay when he received pay was not good because he did make collections along from his customers, which collections were applied to other purposes than paying plaintiff for his

timber and services. Again, plaintiff testifies, and it is not disputed, that after he ordered defendant to stop cutting timber and after he himself stopped hauling, he told defendant that he might have the timber remaining in the woods if he chose and that defendant did move a piece of it now and then.

On the whole, our opinion is that no injustice is done to the defendant by the judgment rendered below, which is therefore affirmed.